The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS/FINDINGS OF FACT
1. All parties are properly before the Industrial Commission and are subject to the North Carolina Workers' Compensation Act.
2. The deceased, Robert Lewis Morris, Jr., had been employed by Triad Masonry Materials, Inc., for approximately three weeks prior to his death.
3. Robert Lewis Morris, Jr. died on 8 September 1997, as a result of a compensable injury by accident when he was struck by a steel beam.
4. Triad Masonry Materials, Inc. is self-insured and Sedgwick of the Carolinas is its servicing agent.
5. The parties have stipulated that the deceased's weekly compensation rate of $328.52 is to be divided between and paid to Sharon Morris Moore, the deceased's wife at the time of his death, and to Heather Morris, the deceased's daughter at the time of his death, for 400 weeks from the date of the accident. The parties stipulated to a Form 22.
6. At the time of his death, Mr. Morris was married to Sharon Beggarly Morris, and the two had a daughter, Heather Morris, who was born on 3 November 1985.
7. Robert Lewis Morris, Jr.'s sole heirs are his wife, Sharon Beggarly Morris, and his daughter, Heather Marie Morris. Sharon Beggarly Morris prepared an Affidavit, which was stipulated into evidence, verifying that there are no other potential heirs to Robert Lewis Morris, Jr.'s workers' compensation death benefits.
8. The parties stipulated into evidence, without need for further authentication or verification, the following:
 x Exhibit A: Death Certificate of Robert Lewis Morris, Jr.;
x Exhibit B: Form 22 Wage Chart;
 x Exhibit C: Affidavit of Sharon Beggarly Morris; and
 x Exhibit D: Application for Appointment of Guardian Ad Litem.
9. The parties requested that the Industrial Commission review the stipulations, and accompanying exhibits and enter an Order directing the employer to pay death benefits to the proper parties in accordance N.C. Gen. Stat. § 97-38 and N.C. Gen. Stat. § 97-40.
10. Plaintiffs' counsel has requested an attorney's fee of 25% of the recovery in this death claim. On 24 November 1997, an Interim Order Approving Attorney's Fees was entered by Commissioner Bernadine Ballance to facilitate disbursement to the plaintiffs of funds already received from defendant-employer. Commissioner Ballance ordered that plaintiffs' counsel be paid 25% of all accrued benefits through 20 November 1997. Plaintiffs' attorney has represented that that amount was $903.43, which she has already received. Commissioner Ballance's 24 November 1997 order further required that "thereafter, plaintiffs' counsel shall deduct 25% of each weekly check and hold the same in attorney's trust account pending further orders of the Industrial Commission." Plaintiffs' attorney has indicated that the amount she currently holds in her trust account pursuant to this order is $4,048.11. This amount represents payments through 19 October 1998. Plaintiffs' counsel argues that she also represents plaintiffs in a third party action and argues that she should be awarded 25% in the instant matter because she has expended significant monies in the civil court action. However, considering the lack of complexity of the workers' compensation case, the lack of its contested nature, the fact that benefits were being paid by defendants voluntarily, the result obtained and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission in dependency cases such as this where the sole purpose of the hearing, which was requested by the defendants, was to obtain an order directing payment to the appropriate dependents, the identity of which was not an issue, and that stipulations were prepared by defense counsel, and considering that plaintiff's counsel has already received $903.43 and holds in her trust account sums in excess of $4,048.11, a reasonable attorney's fee for plaintiffs' attorney is $4,095.57, not including the $903.43 already received by plaintiffs' counsel. A 25% fee on the entire amount would be in excess of $31,000.00 and this amount is unreasonable.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. On 8 September 1997, Robert Lewis Morris, Jr. sustained a fatal injury by accident arising out of and in the course and scope of his employment with the defendant-employer, and he was killed as a result of that accident. N.C. Gen. Stat. §97-2(10).
2. Robert Lewis Morris, Jr.'s heirs are entitled to workers' compensation death benefits as a result of Robert Lewis Morris, Jr.'s work-related injury by accident, at the deceased's weekly compensation rate of $328.52 per week for a period of 400 weeks from the date of the accident. N.C. Gen. Stat. § 97-38.
3. Considering the lack of complexity of this case, the lack of its contested nature, the fact that benefits were being paid by defendants before a hearing was requested, the result obtained and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission in dependency cases such as this where the sole purpose of the hearing, which was requested by defendants, was to obtain an order directing payment to the appropriate dependents, the identity of which was not at issue, a reasonable attorney's fee for plaintiffs' attorney is $4,095.57, not including the $903.43 already received by plaintiffs' counsel.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay death benefits for the fatal injury the deceased sustained to the deceased's wife, Sharon Beggarly Morris, and to the deceased's daughter, Heather Marie Morris, at the weekly compensation rate of $328.52 for 400 weeks from the date of death. This compensation shall be paid on a weekly basis, pursuant to the terms of N.C. Gen. Stat. § 97-38 and N.C. Gen. Stat. § 97-40, and subject to an attorney's fee approved below.
2. A reasonable attorney's fee in the amount of $4,095.57, not including the $903.43 already received by plaintiffs' counsel, is hereby approved and shall be paid directly to counsel for plaintiffs.
This 15th day of April 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN